UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD G. ROBINSON and SHIRLEY E. ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>Defendants. | 2:10-CV-321 JCM (PAL) |

**ORDER**

Presently before the court are defendants Ocwen Loan Servicing LLC; Deutsche Bank National Trust Company; and Soundview Home Loan Trust 2006-NLC1's (collectively "defendants") motion to dismiss, motion to expunge lis pendens and motion to strike punitive damages. (Doc. #9). Plaintiffs Ronald G. Robinson and Shirley E. Robinson (hereinafter "plaintiffs") filed an opposition to the motions, (doc. #11), to which defendants filed a reply. (Doc. #13).

Plaintiffs filed the complaint in state court on January 10, 2010. (Doc. #1). Defendants removed this action to federal court on diversity and federal question grounds. Plaintiffs' complaint contains the following thirteen claims against the defendants: 1) wrongful foreclosure; 2) misrepresentation; 3) omission of material facts; 4) negligent misrepresentation; 5) negligence; 6) breach of contract; 7) breach of good faith and fair dealings; 8) civil conspiracy; 9) slander of title; 10) action to quiet title; 11) unjust enrichment 12) injunctive relief; and 13) declaratory relief.

**James C. Mahan**
**U.S. District Judge**

1    Plaintiffs' claims stem from the foreclosure of the property located at 2105 Royal Carribean
2  Street, North Las Vegas, Nevada 89031 (the "property").  In August 2006, plaintiffs executed the
3  notes and added the corresponding deeds of trust for the property to the defendants. On May 8, 2009,
4  a notice of default was issued on the property. After plaintiffs were denied a loan modification, the
5  defendants foreclosed on the property. Plaintiffs seek relief for what they allege was a wrongful
6  foreclosure.

7    A complaint that lacks a cognizable legal theory or states insufficient facts under a cognizable
8  legal theory may be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d
9  530, 534 (9th Cir. 1984). The Supreme Court has held that a complaint's factual allegations must
10 be sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
11 127 S.Ct. 1955, 1965 (2007). Thus, plaintiffs must plead more than conclusory allegations and show
12 "plausible liability" to avoid dismissal. *Id.* at 1966 n.5. Here, the claims in plaintiffs' complaint
13 either fail to plead more than conclusory allegations or fail to state a cognizant legal theory.

14   Plaintiffs' action for wrongful foreclosure is dismissed because they do not allege sufficient
15 facts.  They claim that defendants are in violation of the federal "Make Homes Affordable Program,"
16 Nevada Revised Statute (NRS) 107.080 and "other Nevada statutory and case laws." The allegations
17 fail to state (a) which of the regulations within the mentioned bodies of law have been violated, (b)
18 what acts by defendants were in violation and (c) how the violations caused the claimed damages.
19 As such, the claim is limited to conclusory allegations.

20   The allegations of misrepresentation and omission of material facts were not pled with
21 sufficient particularity as to constitute valid claims. Fraudulent claims are subject to a heightened
22 pleading requirement under Fed. R. Civ. Proc. 9(b). The complaint must make reference to the time,
23 place and manner of the fraudulent conduct. Plaintiffs plead with only general and conclusory
24 allegations. Thus, the fraudulent claims for misrepresentation and omission of material facts are
25 dismissed.

26   Plaintiffs' actions for negligence and negligent misrepresentation cannot succeed as there is
27 no special duty of care owed by financial institutions when the institution's involvement in a loan
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

transaction does not exceed the scope of a mere lender. *See Davis v. Nevada National Bank*, 737 P.2d 503, 505 (Nev. 1987). The loan transaction, the deed of trust and promissory note, indicate defendants were mere lenders and breached no duty of care in this role. Thus, the claims are dismissed.

The claims for breach of contract, and of the implied covenant of good faith and fair dealings, are dismissed. Plaintiffs do not describe any terms, implied or expressed, in a contract that were breached because they merely reference oral agreements regarding a loan modification. Even if the facts as pled are true, the agreements would be unenforceable contracts pursuant to the Statute of Frauds. *See* N.R.S 111.205 and 111.210. Thus, both claims lack a cognizant legal theory.

Plaintiffs' actions for slander of title should be dismissed because plaintiffs failed to allege the facts necessary to support such a claim. Plaintiffs allege that the defendants slandered title to plaintiffs' property by proceeding to foreclose on the property and putting the county's recording office on notice. Slander of title requires: 1) false and malicious communications; 2) disparaging to one's land; and 3) special damaged arising therefrom. *Executive Management, Ltd. v. Ticor Title Ins. Co.* 962 P.2d 465, 478 (Nev. 1998). Plaintiffs plead no facts that could plausibly satisfy these elements. Therefore, the claim is dismissed.

Plaintiffs' action for civil conspiracy fails to allege facts that constitute a valid cause of action. Civil conspiracy must be based on an intentional tort. *See Dow Chemical Co. v. Mahlum*, 99 Nev. 1468, 1488-89 (1998). In order for a civil conspiracy to exist, there must be an "agreement between tortfeasors, whether explicit or tacit." *GES, Inc. v. Corbitt*, 21 P.3d 11, 14 (Nev. 2001). Here, the court has dismissed all claims of intentional torts that could form the basis for a civil conspiracy. Further, plaintiffs failed to plead facts alleging defendants entered into an agreement. Thus, the claim is dismissed.

Plaintiffs' actions to quiet title and for unjust enrichment are dismissed because they fail to state cognizant claims. The complaint asserts that "one or more of the Defendants" were unjustly enriched through their bad behavior in foreclosing on the property. As such, plaintiffs seek to quiet title to reclaim ownership. However, as discussed above, the plaintiffs have not sufficiently stated

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  any claim to challenge the legitimacy of the property's foreclosure. Thus, the allegations are
2  conclusory and fail to state facts constituting plausible claims.

3  The claims for injunctive and declaratory relief each lack a cognizant legal theory. An
4  injunction is intended to preserve the status quo contingent on a claim likely to succeed. *See*
5  *Danberg Holding Nev., LLC v. Douglas County*, 978 P.2d 311, 319-20 (Nev. 1999). Declaratory
6  relief pursuant to NRS 30.040 requires an actual controversy. Because the claims challenging the
7  foreclosure have not been sustained, no claims or controversies have been sufficiently pled to form
8  a basis for these claims to relief. Thus, both actions are dismissed.

9  In addition, plaintiffs' lis pendens is expunged. Pursuant to NRS 14.015, a lis pendens must
10  be expunged if it is not likely that the underlying cause of action can prevail. As set forth above, all
11  plaintiffs' causes of action, as pled, do not state a claim upon which relief can be granted, and
12  therefore, the lis pendens is without an underlying claim.

13  THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant
14  Ocwen Loan Servicing; Deutsche Bank National Trust Company; and Soundview Home Loan Trust
15  2006-NLC1's motion to dismiss, (doc. #9), is GRANTED. Plaintiffs' complaint against defendants
16  is dismissed without prejudice.

17  IT IS FURTHER ORDERED that defendants' motion to strike punitive damages, (doc. #9),
18  in DENIED as it is moot.

19  IT IS FURTHER ORDERED, that defendants' motion to expunge plaintiffs' lis pendens,
20  (doc. #9), is GRANTED.

21  DATED July 16, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -